IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STATE OF NEW YORK, *et al*.,

     *Plaintiffs*,

     v.

UNITED STATES DEPARTMENT OF
EDUCATION, *et al*.,

     *Defendants*.

Case No. 1:25-cv-11116

**DEFENDANTS' ANSWER TO THE COMPLAINT**

Defendants United States Department of Education ("ED"), Secretary of Education Linda McMahon, sued in her official capacity, and ED's Office for Civil Rights' Acting Assistant Secretary for Civil Rights Craig Trainor, sued in his official capacity (collectively, "Defendants"), hereby submit their Answer to the Complaint (ECF No. 1) filed by the State of New York, State of Illinois, Commonwealth of Massachusetts, State of California, State of Minnesota, State of Colorado, State of Connecticut, State of Delaware, State of Hawai'i, State of Maryland, the People of the State of Michigan, State of Nevada, State of New Jersey, State of New Mexico, State of Oregon, State of Rhode Island, State of Vermont, State of Washington, and State of Wisconsin (collectively, "Plaintiffs").

The various headings throughout the Complaint do not contain allegations of fact but rather consist of Plaintiffs' characterization of this action or conclusions of law, which require no response. To the extent that a response is deemed required to these headings, Defendants respectfully refer the Court to any referenced legal authority for a full and accurate statement of the authority's contents and deny any allegations inconsistent with the authority, and otherwise Defendants deny any allegations in the headings.

Defendants note that the factual record upon which review will be based in this case, brought under the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*, consists of the administrative record and not the allegations in the Complaint (ECF No. 1) or this Answer.

Defendants respond to the numbered paragraphs as follows, using the same numbering in the complaint.

1.     Admit with respect to all but the final sentence, which consists of legal conclusions to which no response is required. To the extent a response to the final sentence is deemed required, Defendants lack knowledge or information sufficient to either admit or deny.

2.     The first two sentences consist of legal conclusions to which no response is required. To the extent a response is deemed required, deny. With respect to the remaining two sentences, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph.

3.     The first sentence consists of legal conclusions to which no response is required. To the extent a response is deemed required, deny that ED departed from its longstanding and statutorily mandated process; admit that ED issued the certification; and aver that Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in the sentence. The second sentence also consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Title VI of the Civil Rights Act of 1964 for a complete and accurate statement of its contents and deny any allegations inconsistent with that authority.

4.     Admit that President Trump issued the Executive Orders and that ED's actions were consistent with them. Deny that the category of unlawful diversity, equity, and inclusion school programs is not defined.

5.      Defendants admit that President Trump's Executive Orders state that many DEI programs are unlawful under federal civil rights law. The remainder of this paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Title VI of the Civil Rights Act of 1964 and the Supreme Court's decision *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023) ("*SFFA*") for a complete and accurate statement of their contents and deny any allegations inconsistent with those authorities.

6.      This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Title VI of the Civil Rights Act of 1964 and the Constitution of the United States for a complete and accurate statement of their contents and deny any allegations inconsistent with those authorities.

7.      This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Title VI of the Civil Rights Act of 1964, codified in part at 42 U.S.C. § 2000d-1, and the Administrative Procedure Act, codified in part at 5 U.S.C. § 706(2)(D), for a complete and accurate statement of their contents and deny any allegations inconsistent with those authorities.

8.      Admit.

9.      Admit that Plaintiffs declined to certify compliance with all the terms of the April 3 certification. The remainder of this paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the April 3 certification and deny any allegations inconsistent with that authority.

10.     This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Title VI of the

Civil Rights Act of 1964 for a complete and accurate statement of its contents and deny any allegations inconsistent with that authority.

11.     This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701–706 for a complete and accurate statement of their contents and deny any allegations inconsistent with those authorities.

12.     Admit that Defendants are United States agencies or officers sued in their official capacities. The remainder of this paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to 28 U.S.C. § 1391(b)(2), (e)(1) for a complete and accurate statement of its contents and deny any allegations inconsistent with that authority.

13.     Admit to the factual claims and aver that the remainder of the paragraph consists of legal conclusions to which no response is required.

14.     Admit to the factual claims and aver that the remainder of the paragraph consists of legal conclusions to which no response is required.

15.     Admit to the factual claims and aver that the remainder of the paragraph consists of legal conclusions to which no response is required.

16.     Admit to the factual claims and aver that the remainder of the paragraph consists of legal conclusions to which no response is required.

17.     Admit to the factual claims and aver that the remainder of the paragraph consists of legal conclusions to which no response is required.

18.     Admit to the factual claims and aver that the remainder of the paragraph consists of legal conclusions to which no response is required.

19.    Admit to the factual claims and aver that the remainder of the paragraph consists of legal conclusions to which no response is required.

20.    Admit to the factual claims and aver that the remainder of the paragraph consists of legal conclusions to which no response is required.

21.    Admit to the factual claims and aver that the remainder of the paragraph consists of legal conclusions to which no response is required.

22.    Admit to the factual claims and aver that the remainder of the paragraph consists of legal conclusions to which no response is required.

23.    Admit to the factual claims and aver that the remainder of the paragraph consists of legal conclusions to which no response is required.

24.    Admit to the factual claims and aver that the remainder of the paragraph consists of legal conclusions to which no response is required.

25.    Admit to the factual claims and aver that the remainder of the paragraph consists of legal conclusions to which no response is required.

26.    Admit to the factual claims and aver that the remainder of the paragraph consists of legal conclusions to which no response is required.

27.    Admit to the factual claims and aver that the remainder of the paragraph consists of legal conclusions to which no response is required.

28.    Admit to the factual claims and aver that the remainder of the paragraph consists of legal conclusions to which no response is required.

29.    Admit to the factual claims and aver that the remainder of the paragraph consists of legal conclusions to which no response is required.

30. Admit to the factual claims and aver that the remainder of the paragraph consists of legal conclusions to which no response is required.

31. Admit to the factual claims and aver that the remainder of the paragraph consists of legal conclusions to which no response is required.

32. Admit.

33. Admit to the factual claims and aver that the remainder of the paragraph consists of legal conclusions to which no response is required.

34. Admit.

35. This paragraph consists of Plaintiffs' legal conclusions and characterizations of the April 3 certification, to which a response is not required. Admit that the email was sent and included the certification requirement. Defendants respectfully refer the Court to the April 3 email and attached certification requirements for an accurate statement of their contents and deny any allegations inconsistent with those documents.

36. Admit.

37. This paragraph consists of Plaintiffs' legal conclusions and characterizations of the April 3 certification, to which a response is not required. Defendants respectfully refer the Court to the April 3 email and attached certification requirements for an accurate statement of their contents and deny any allegations inconsistent with those documents.

38. This paragraph consists of Plaintiffs' legal conclusion, to which a response is not required. To the extent a response is deemed required, deny.

39. Admit.

40. Admit.

41. Admit to the contents of this paragraph, *but see* response to Compl. ¶ 61 below.

42.     Admit.

43.     This paragraph consists of Plaintiffs' legal conclusions and characterizations of the April 3 certification, to which a response is not required. To the extent a response is deemed required, deny.

44.     Admit that ED terminated approximately $600 million in grants to institutions and nonprofits, however, Defendants aver that this point has no relevance to Plaintiffs' claims and note that "[i]f the pleading contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence, then [the] purpose [of Fed. R. Civ. P. 8] is defeated." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

45.     Admit that the Government froze $2.2 billion in federal funding to Harvard University stemming from antisemitism concerns. Defendants aver that this point has no relevance to Plaintiffs' claims, *see* ¶ 44.

46.     This paragraph consists of Plaintiffs' legal conclusions and characterizations of the April 3 certification, to which a response is not required. To the extent a response is deemed required, deny.

47.     This paragraph consists of Plaintiffs' legal conclusions and characterizations of the April 3 certification, to which a response is not required. To the extent a response is deemed required, deny.

48.     This paragraph consists of Plaintiffs' legal conclusions and characterizations of the April 3 certification, to which a response is not required. To the extent a response is deemed required, deny.

49.    This paragraph consists of Plaintiffs' legal conclusions and characterizations of the April 3 certification and the Executive Orders, to which a response is not required. To the extent a response is deemed required, deny.

50.    Defendants respectfully refer the Court to Executive Order No. 14173 for an accurate statement of its contents and deny any allegations inconsistent with that authority.

51.    Defendants respectfully refer the Court to Executive Order No. 14151 for an accurate statement of its contents and deny any allegations inconsistent with that authority.

52.    Defendants respectfully refer the Court to Executive Order No. 14190 for an accurate statement of its contents and deny any allegations inconsistent with that authority.

53.    Defendants respectfully refer the Court to Press Release, U.S. Dep't of Educ., U.S. Department of Education Takes Action to Eliminate DEI (Jan. 23, 2025) https://www.ed.gov/about/news/press-release/us-department-of-educationtakes-action-eliminate-dei, for an accurate statement of its contents and deny any allegations inconsistent with that authority.

54.    Defendants respectfully refer the Court to *Hearing on the Nomination of Linda McMahon to be Education Secretary Before the Senate Committee on Health, Education, Labor and Pensions*, 119th Cong., 2025 WL 502955 (Feb. 13, 2025) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

55.    Admit that Defendants issued the February 14 Dear Colleague Letter. Defendants respectfully refer the Court to Letter from Craig Trainor, Acting Assistant Sec'y for C.R., U.S. Dep't of Educ., to Colleagues (Feb. 14, 2025) ("DCL"), https://www.ed.gov/media/document/dear-colleague-letter-sffa-vharvard-109506.pdf, and the

April 3 email and certification for an accurate statement of their contents and deny any allegations inconsistent with those authorities.

56.    Defendants respectfully refer the Court to Press Release, U.S. Dep't of Educ., U.S. Department of Education Launches "End DEI" Portal (Feb. 27, 2025), https://www.ed.gov/about/news/press-release/us-department-of-educationlaunches-end-dei-portal for an accurate statement of its contents and deny any allegations inconsistent with that authority.

57.    Admit that Defendants issued the FAQ document. Defendants respectfully refer the Court to U.S. Dep't of Educ., *Frequently Asked Questions About Racial Preferences and Stereotypes Under Title VI of the Civil Rights Act* (Feb. 28, 2025), https://www.ed.gov/media/document/frequently-asked-questions-about-racial-preferences-andstereotypes-under-title-vi-of-civil-rights-act-109530.pdf for an accurate statement of its contents and deny any allegations inconsistent with that authority.

58.    This paragraph consists of Plaintiffs' legal conclusions and characterizations of the April 3 certification and other courts' proceedings, to which a response is not required. To the extent a response is deemed required, deny.

59.    Defendants respectfully refer the Court to Linda McMahon, U.S. Dep't of Educ., *Secretary McMahon: Our Department's Final Mission* (Mar. 4, 2025), https://www.ed.gov/about/news/speech/secretary-mcmahon-our-departmentsfinal-mission for an accurate statement of its contents and deny any allegations inconsistent with that authority.

60.    Admit that the ED is currently subject to the three injunctions.

61.    This paragraph consists of legal conclusions, to which no response is required.

62.     This paragraph consists of Plaintiffs' legal conclusions and characterizations of the April 3 certification and the Executive Orders, to which a response is not required. To the extent a response is deemed required, deny.

63.     Defendants respectfully refer the Court to the Executive Orders, *see* ¶¶ 50-52, and deny any allegations inconsistent with those authorities.

64.     This paragraph consists of Plaintiffs' legal conclusions and characterizations, to which a response is not required. To the extent a response is deemed required, deny.

65.     This paragraph consists of Plaintiffs' legal conclusions and characterizations of the April 3 certification, to which a response is not required. To the extent a response is deemed required, deny.

66.     This paragraph consists of Plaintiffs' legal conclusions and characterizations of the April 3 certification, to which a response is not required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph.

67.     This paragraph consists of Plaintiffs' legal conclusions, to which a response is not required. Defendants respectfully refer the Court to the Every Student Succeeds Act ("ESSA"), codified in part at 20 U.S.C. § 6311, for an accurate statement of its contents and deny any allegations inconsistent with that authority.

68.     This paragraph consists of Plaintiffs' legal conclusions, to which a response is not required. Defendants respectfully refer the Court to the Individuals with Disabilities Education Act of 1975 ("IDEA"), codified in part at 20 U.S.C. § 14129(a), for an accurate statement of its contents and deny any allegations inconsistent with that authority.

69.     This paragraph consists of Plaintiffs' legal conclusions, to which a response is not required. Defendants respectfully refer the Court to Section 504 of the Rehabilitation Act of 1974 ("Section 504") and the Americans with Disabilities Act ("ADA"), for an accurate statement of their contents and deny any allegations inconsistent with those authorities.

70.     This paragraph consists of Plaintiffs' legal conclusions, to which a response is not required. Defendants respectfully refer the Court to 42 U.S.C. 2000d for an accurate statement of its contents and deny any allegations inconsistent with that authority.

71.     This paragraph consists of Plaintiffs' legal conclusions, to which a response is not required. Defendants respectfully refer the Court to Title IX of the Education Amendments Act of 1972, 28 U.S.C. § 1681, for an accurate statement of its contents and deny any allegations inconsistent with that authority.

72.     This paragraph consists of Plaintiffs' legal conclusions, to which a response is not required. To the extent a response is deemed required, deny.

73.     This paragraph consists of Plaintiffs' legal conclusions and characterizations of the legal landscape, to which a response is not required. To the extent a response is deemed required, deny.

74.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first sentence.  Defendants respectfully refer the Court to the opinion in *Nat'l Educ. Assoc.*, 1:25-cv-00091, ECF No. 74 at 51 (D.N.H Apr. 24, 2025) for an accurate description of its content and deny any allegations in the second and third sentences inconsistent with that authority. The fourth and final sentence contains Plaintiffs' characterizations of ED's communications, to which a response is not required. Defendants respectfully refer the Court to U.S. Dep't of Educ., *U.S. Department of Education Launches "End DEI" Portal* (Feb. 27,

https://www.ed.gov/about/news/press-release/us-department-of-education-launches-enddei-portal for an accurate description of its contents and deny any allegations inconsistent with that authority.

75. This paragraph consists of Plaintiffs' legal conclusions and characterizations of the April 3 certification, to which a response is not required. To the extent a response is deemed required, deny.

76. This paragraph consists of Plaintiffs' legal conclusions and characterizations of past agency actions not at issue here, to which a response is not required. To the extent a response is deemed required, Defendants respectfully refer the Court to Erica L. Green & Zach Montague, *Trump Cracks Down on Diversity Initiatives Celebrated in His First Term*, N.Y. Times (Feb. 14, 2025), https://www.nytimes.com/2025/02/14/us/politics/trump-diversity-education-department.html and U.S. Dep't of Educ., *Questions and Answers Regarding the Supreme Court's Decision in* Students for Fair Admissions, Inc. v. Harvard College and University of North Carolina (Aug.14, 2023)[1], for an accurate statement of their contents and deny any allegations inconsistent with those authorities.

77. This paragraph consists of Plaintiffs' legal conclusions and characterizations of the April 3 certification, to which a response is not required. To the extent a response is deemed required, deny.

78. This paragraph consists of Plaintiffs' legal conclusions, to which a response is not required. Defendants respectfully refer the Court to 20 U.S.C. § 3403(b) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

79. Deny.

---

[1] Can be viewed at *Nat'l Educ. Assoc.*, 1:25-cv-00091, ECF No. 34-6.

80.     This paragraph consists of Plaintiffs' legal conclusion and characterizations of the April 3 certification, to which no response is required. Defendants respectfully refer the Court to the April 3 certification and the Supreme Court's decision in *SFFA* for an accurate statement of their contents and deny any allegations inconsistent with those authorities.

81.     Admit.

82.     Deny that the funds are "in immediate peril" and admit the remainder of the paragraph.

83.     This paragraph consists of Plaintiffs' legal conclusions, to which a response is not required. Defendants respectfully refer the Court to the ESSA, 20 U.S.C. §§ 6575, 6571(d), 7906a(a), 7907(a), for an accurate statement of its contents and deny any allegations inconsistent with that authority.

84.     Admit

85.     This paragraph consists of Plaintiffs' legal conclusions, to which a response is not required. Defendants respectfully refer the Court to the IDEA and U.S. Dep't of Educ., Building and Sustaining Inclusive Educational Practices (Jan. 17, 2025), https://sites.ed.gov/idea/idea-files/building-and-sustaining-inclusive-educational-practicesjanuary-2025/ (last modified Jan. 17, 2025) for an accurate statement of their contents and deny any allegations inconsistent with those authorities.

86.     Admit.

87.     This paragraph consists of Plaintiffs' legal conclusions, to which a response is not required. To the extent a response is deemed required, deny.

88.     Defendants lack knowledge or information sufficient to form a belief with respect to the allegations in this paragraph.

89.     Defendants lack knowledge or information sufficient to form a belief with respect to the allegations in this paragraph.

90.     Defendants lack knowledge or information sufficient to form a belief with respect to the allegations in this paragraph.

91.     Defendants lack knowledge or information sufficient to form a belief with respect to the allegations in this paragraph.

92.     This paragraph consists of Plaintiffs' legal conclusions and characterizations of the April 3 certification, to which no response is required. Defendants respectfully refer the Court to the April 3 certification for an accurate statement of its contents and deny any allegations inconsistent with that authority.

93.     This paragraph consists of Plaintiffs' legal conclusions and characterizations of the April 3 certification, to which no response is required. Defendants respectfully refer the Court to the April 3 certification for an accurate statement of its contents and deny any allegations inconsistent with that authority.

94.     This paragraph consists of Plaintiffs' legal conclusions and characterizations of the April 3 certification, to which no response is required. Defendants admit that Plaintiffs have completed previous compliance certifications.

95.     This paragraph consists of Plaintiffs' legal conclusions and characterizations of the April 3 certification, to which no response is required. Defendants respectfully refer the Court to the April 3 certification for an accurate statement of its contents and deny any allegations inconsistent with that authority.

96.     Admit.

97.     Admit.

98. Admit that Plaintiffs receive formula grant federal funding under the ESEA. The remainder of this paragraph consists of Plaintiffs' legal conclusions, to which no response is required. Defendants respectfully refer the Court to the ESEA and ESSA, 20 U.S.C. § 7844(a), for an accurate statement of their contents and deny any allegations inconsistent with those authorities.

99. Admit.

100. This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to the Paperwork Reduction Act, 44 U.S.C. §§ 3501 et seq; OMB.report, *Assurance of Compliance-Civil Rights Certificate*, https://omb.report/icr/202404-1870-001/doc/141488800 (last accessed Jun. 30, 2025) ("Assurance of Compliance"); and U.S. Department of Education, Revised Assurances Template, Issued May 2017, https://www.ed.gov/sites/ed/files/2020/10/reviseded18100576.pdf for an accurate statement of their contents and deny any allegations inconsistent with those authorities.

101. Admit.

102. Defendants respectfully refer the Court to *Assurance of Compliance*, https://omb.report/icr/202404-1870-001/doc/141488800 and deny any allegations inconsistent with that authority.

1. Admit the first sentence. Defendants do not have sufficient knowledge or information to form a belief as to the second sentence.

2. Admit.

3. This paragraph contains legal conclusions, to which no response is required.

4. Admit.

5. Admit.

6. Admit.

7.      Admit.

8.      Admit.

9.      Admit.

10.     Defendants incorporate by reference all responses to the preceding allegations as if fully set forth herein.

11.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 5 U.S.C. § 706(2)(D) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

12.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 5 U.S.C. § 553(b) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

13.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 5 U.S.C. § 553 for an accurate statement of its contents and deny any allegations inconsistent with that authority.

14.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to the Supreme Court's decision in *SFFA* for an accurate statement of its contents and deny any allegations inconsistent with that authority.

15.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to *N.H. Hosp. Ass'n v. Azar*, 887 F.3d 62, 70–74 (1st Cir. 2018); *Nat'l Mining Ass'n v. McCarthy*, 758 F.3d 243, 251–52 (D.C. Cir. 2014); *Mendoza v. Perez*, 754 F.3d 1002, 1021 (D.C. Cir. 2014); *Syncor Int'l v. Shalala*, 127 F.3d 90, 95 (D.C. Cir. 1997); *Am. Mining Cong. v. Mine Safety & Health Admin.*, 995 F.2d 1106, 1112 (D.C. Cir. 1993)*; and*

*Clarian Health W., LLC v. Hargan,* 878 F.3d 346, 357–58 (D.C. Cir. 2017*)* for an accurate statement of their contents and deny any allegations inconsistent with those authorities.

16.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 5 U.S.C. § 553(b)(B) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

17.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 5 U.S.C. § 553(b)(B) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

18.    This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

19.    Defendants incorporate by reference all responses to the preceding allegations as if fully set forth herein.

20.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 5 U.S.C. § 706(2)(A) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

21.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 5 U.S.C. § 551(1) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

22.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to *FCC v. Prometheus Radio Project*, 592 U.S. 414, 423 (2021); *Motor Vehicle Mfrs. Ass'n, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); and *Dep't of Commerce v. New York*, 588 U.S. 752, 785 (2019) for an accurate statement of their contents and deny any allegations inconsistent with those authorities.

23.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to *Dep't of Commerce v. New York*, 588 U.S. 752, 785 (2019) and *Michigan v. EPA*, 576 U.S. 743, 758 (2015) for an accurate statement of their contents and deny any allegations inconsistent with those authorities.

24.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 25 (2020) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

25.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to *Regents of the Univ. of Cal.*, 591 U.S. at 30, 33 (2020) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

26.    This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

27.    This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

28.    This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

29.    This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

30.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 28 U.S.C. § 2201 for an accurate statement of its contents and deny any allegations inconsistent with that authority.

31.     This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

32.     Defendants incorporate by reference all responses to the preceding allegations as if fully set forth herein.

33.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 5 U.S.C. § 551(1) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

34.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 5 U.S.C. § 706(2)(A) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

35.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to Title VI, the DEOA, 20 U.S.C. §§ 3403, 6692, 7906a, 7907(b)-(c), 1232a, 3403, the Paperwork Reduction Act, 44 U.S.C. §§ 3501 *et seq*, 3512(a), 5 C.F.R. pt. 1320, the IDEA, ADA, and Section 504 for an accurate statement of their contents and deny any allegations inconsistent with those authorities.

36.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 28 U.S.C. § 2201 for an accurate statement of its contents and deny any allegations inconsistent with that authority.

37.     This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

38.     Defendants incorporate by reference all responses to the preceding allegations as if fully set forth herein.

39.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 5 U.S.C. § 551(1) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

40.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 5 U.S.C. § 706(2)(C) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

41.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

42.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to Title VI for an accurate statement of its contents and deny any allegations inconsistent with that authority.

43.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 20 U.S.C. §§ 6692, 7906a, 7907(b)–(c), 1232a, 3403 for an accurate statement of its contents and deny any allegations inconsistent with that authority.

44.     This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

45.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 28 U.S.C. § 2201 for an accurate statement of its contents and deny any allegations inconsistent with that authority.

46.     This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

47.     Defendants incorporate by reference all responses to the preceding allegations as if fully set forth herein.

48.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 5 U.S.C. § 551(1) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

49.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 5 U.S.C. § 706(2)(C) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

50.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

51.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 20 U.S.C. § 7844(a)(1) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

52.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 20 U.S.C. § 7844(a)(1) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

53.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 42 U.S.C. § 2000d-1 for an accurate statement of its contents and deny any allegations inconsistent with that authority.

54.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 34 C.F.R. §§ 100, *et seq.* for an accurate statement of its contents and deny any allegations inconsistent with that authority.

55. This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 34 C.F.R. § 100.3 for an accurate statement of its contents and deny any allegations inconsistent with that authority.

56. This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 34 C.F.R. § 100.4(b) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

57. This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 34 C.F.R. § 100.4(a) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

58. This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 34 C.F.R. § 100.4(a)-(b) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

59. This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 20 U.S.C. § 7844(a)(1) and 34 C.F.R. § 100.4(a)-(b) for an accurate statement of their contents and deny any allegations inconsistent with those authorities.

60. This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

61. This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 28 U.S.C. § 2201 for an accurate statement of its contents and deny any allegations inconsistent with that authority.

62. This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

63.    Defendants incorporate by reference all responses to the preceding allegations as if fully set forth herein.

64.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 227 (2020) and *Hernandez-Lara v. Lyons*, 10 F.4th 19, 43 (1st Cir. 2021) for an accurate statement of their contents and deny any allegations inconsistent with those authorities.

65.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to U.S. Const. art. 1, § 1, art. II, § 3 and *Util. Air Regul. Grp. v. E.P.A.*, 573 U.S. 302, 327 (2014) for an accurate statement of their contents and deny any allegations inconsistent with those authorities.

66.    This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

67.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to *Clinton v. City of New York*, 524 U.S. 417, 438 (1998) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

68.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 637 (1952) (Jackson, J., concurring) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

69.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to Title I of the Elementary and Secondary Education Act, 20 U.S.C. §§ 6303-6577, and the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-

1409, for an accurate statement of their contents and deny any allegations inconsistent with those authorities.

70.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to Title VI and Title IX, for an accurate statement of their contents and deny any allegations inconsistent with those authorities.

71.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to Title VI and the Supreme Court's decision in *SFFA* for an accurate statement of their contents and deny any allegations inconsistent with those authorities.

72.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to *Biden v. Nebraska*, 600 U.S. 477, 503 (2023) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

73.    This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

74.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 28 U.S.C. § 2201 for an accurate statement of its contents and deny any allegations inconsistent with that authority.

75.    This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

76.    Defendants incorporate by reference all responses to the preceding allegations as if fully set forth herein.

77.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to U.S. Const. Art. I, § 9, cl. 7 and *Off. of Pers. Mgmt. v.*

*Richmond*, 496 U.S. 414, 424 (1990) for an accurate statement of their contents and deny any allegations inconsistent with those authorities.

78.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to *City & Cnty. of San Francisco v. Trump*, 897 F.3d 1225, 1235 (9th Cir. 2018) and *In re Aiken Cnty.*, 725 F.3d 255, 261 (D.C. Cir. 2013) for an accurate statement of their contents and deny any allegations inconsistent with those authorities.

79.     This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

80.     This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

81.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 28 U.S.C. § 2201 for an accurate statement of its contents and deny any allegations inconsistent with that authority.

82.     This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

83.     Defendants incorporate by reference all responses to the preceding allegations as if fully set forth herein.

84.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to U.S. Const. art. I § 8, cl. 1 for an accurate statement of its contents and deny any allegations inconsistent with that authority.

85.     This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to *South Dakota v. Dole*, 483 U.S. 203, 207 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 17 (1981); and *Nat'l Fed'n of Indep. Bus.*

*v. Sebelius*, 567 U.S. 519, 577–78 (2012) for an accurate statement of their contents and deny any allegations inconsistent with those authorities.

86.    This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

87.    This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

88.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 25 (1981) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

89.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 579 (2012) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

90.    This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

91.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests.*, 455 U.S. 489, 494 n.6 (1982) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

92.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to *Dole*, 483 U.S. at 208–09 & n.3 (1987) for an accurate statement of its contents and deny any allegations inconsistent with that authority.

93.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 20 U.S.C. § 6301 for an accurate statement of its contents and deny any allegations inconsistent with that authority.

94.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 20 U.S.C. § 6575 for an accurate statement of its contents and deny any allegations inconsistent with that authority.

95.    This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

96.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 28 U.S.C. § 2201 for an accurate statement of its contents and deny any allegations inconsistent with that authority.

97.    This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

98.    Defendants incorporate by reference all responses to the preceding allegations as if fully set forth herein.

99.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326–27 (2015) and *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 689 (1949) for an accurate statement of their contents and deny any allegations inconsistent with those authorities.

100.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to Title VI for an accurate statement of its contents and deny any allegations inconsistent with that authority.

101.    This paragraph contains legal conclusions, to which no response is required. Defendants respectfully refer the Court to 28 U.S.C. § 2201 for an accurate statement of its contents and deny any allegations inconsistent with that authority.

102.    This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

The remainder of the complaint contains Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is deemed necessary, Defendants deny that Plaintiff is entitled to the requested relief.

### DEFENSES

1.  Plaintiffs fail to challenge final agency action, which is a threshold requirement for judicial review under 5 U.S.C. § 704.

Dated:  June 30, 2025                    Respectfully submitted,

CHAD MIZELLE
Acting Associate Attorney General

ABHISHEK KAMBLI
Deputy Associate Attorney General

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DIANE KELLEHER
Director
Civil Division, Federal Programs Branch

/s/ *Eitan R. Sirkovich*
EITAN R. SIRKOVICH
(D.C. Bar No. 90030102)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW

Washington, DC 20005
Tel: (202) 353-5525
E-mail:  eitan.r.sirkovich@usdoj.gov

*Counsel for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 30, 2025, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

*/s/ Eitan R. Sirkovich*
EITAN R. SIRKOVICH
Trial Attorney
United States Department of Justice
