UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>    Plaintiffs,<br><br>              v.<br><br>U.S. DEPARTMENT OF EDUCATION, et al.,<br><br>    Defendants. | No. 1:25-cv-11116-WGY |

**JOINT STATEMENT**

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 16.1, and the Notice of Scheduling Conference, ECF No. 76, the Parties respectfully submit this Joint Statement in advance of the Rule 16(b) Initial Scheduling Conference scheduled for **December 9, 2025**, at **2:00 PM EST**.

I.  **PROPOSED AGENDA OF MATTERS TO BE DISCUSSED AT SCHEDULING CONFERENCE**

      1.      Status of the Certification Requirement.

      2.      Proposed Discovery Plan.

      3.      Proposed Merits Briefing Plan.

II. **STATUS OF THE CERTIFICATION REQUIREMENT**

The primary, though not only, relief that Plaintiffs seek in this case is that the Court declare unlawful, vacate, and set aside the certification requirement Defendants issued on April 3, 2025 (the Certification Requirement). *See* ECF #1, ¶ 3 (explaining and defining the Certification Requirement); *id.*, p. 49 (claims for relief).

The Parties agree that implementation of the Certification Requirement with respect to Plaintiffs is barred by at least three court orders presently in effect. The federal court in the

District of Maryland has declared unlawful, vacated, and set aside the Certification Requirement. *See Am. Fed'n of Tchrs. v. Dep't of Educ.*, No. CV SAG-25-628, 2025 WL 2374697, at *35 (D. Md. Aug. 14, 2025). On October 13, 2025, Defendants noticed their appeal of that order. In April 2025, two other district courts likewise preliminarily enjoined enforcement of the Certification Requirement. *See Nat'l Educ. Ass'n v. Dep't of Educ.,* No. 25-91, 779 F. Supp. 3d 149 (D.N.H. Apr. 24, 2025); *Nat'l Ass'n for the Advancement of Colored People v. Dep't of Educ.*, No. 25-1120, 779 F. Supp. 3d 3 (D.D.C. Apr. 24, 2025). The Parties agree that these preliminary injunctions presently apply to all Plaintiffs.

Indeed, on April 28, 2025, Defendants represented to all state education agencies that in light of the April 24, 2025 injunction issued in the District Court of the District of Columbia, it "will take no further action concerning the Title VI Certification Letter unless and until further notice is provided."

### III.     PROPOSED DISCOVERY PLAN

1.     **No Discovery**: Defendants' position is that no discovery is warranted because this is a traditional Administrative Procedure Act case. Plaintiffs do not waive their right to seek discovery in this case. Plaintiffs, however, do not presently intend to propound discovery, take depositions, or rely on expert witnesses in this case. Should Plaintiffs' or Defendants' position change, the parties agree to meet and confer about the scope of discovery and applicable procedures, including ESI. In any event, absent good cause and a Court Order, no discovery may occur within thirty days of the parties' opening merits briefs, discussed below.

2.     **Completion of Record:** Defendants have provided a certified record to Plaintiffs, and Plaintiffs do not presently intend to move to complete or supplement the record. Defendants will file the Certified Administrative Record with the Court within 30 days.

4.     **Evidence of Standing and Harm:** In connection with the merits briefing discussed below, Plaintiffs intend to submit by declaration evidence relevant to standing, Article III injury, and their entitlement to a permanent injunction, or other matters beyond the legal merits of Plaintiffs' claims. *Am. Trucking Associations, Inc. v. Alviti*, 630 F. Supp. 3d 357, 370 (D.R.I. 2022), *aff'd in part, rev'd in part and remanded sub nom. Am. Trucking Associations, Inc. v. Rhode Island Tpk. & Bridge Auth.*, 123 F.4th 27 (1st Cir. 2024) (it "is familiar law that a federal court always has jurisdiction to determine its own jurisdiction…. This hoary rule has always included the power to take in evidence of standing appropriate to the stage of the proceeding, both before and after trial"); *see also, e.g.*, *Las Americas Immigrant Advoc. Ctr. v. Wolf*, 507 F. Supp. 3d 1, 17 n.8 (D.D.C. 2020) ("[T]he Court relies only on the individual Plaintiffs' declarations, in conjunction with its analysis of the individual Plaintiffs' Article III standing, which is entirely permissible" in an APA case).  Defendants do not seek discovery into these matters.

5.     **Extra-Record Evidence**: Plaintiffs intend to rely on a limited amount of extra-record evidence in this case.  That evidence will include, but is not limited to, publicly available documents.  The parties will meet and confer in good faith and attempt to enter a stipulation as to the authenticity of the documents and that the Court may consider this extra-record evidence, although Defendants will preserve any relevance objections.  Any such stipulation shall be finalized no later than thirty days before the parties' opening merits briefs.

IV.    **PROPOSAL FOR RESOLVING THE MERITS OF THE CASE**

1.     The parties propose the following procedure to resolve the merits of the case on the papers, with argument of counsel.  If the proposal is adopted, the parties will waive their right to bring a dispositive Rule 54 motion, to present live witnesses, and to cross examine witnesses.

2.  The parties do not believe that a trial with live witnesses is necessary and that this case can be decided on the basis of trial briefs (merits briefs), the administrative record, and limited extra-record evidence, and other evidence, submitted with declarations, pursuant to Fed. R. Civ. P. 52(a). If at any point the Court determines live witnesses are necessary for it to make factual findings, then the parties will cooperate to bring appropriate witnesses before the Court at a date and time set by the Court.

3.  The parties propose that the trial in this matter consist of oral arguments of counsel based on the merits briefs, administrative record, extra-record evidence stipulated to by the parties (or subject to a motion to consider extra-record evidence filed by a party at or before the deadline to file opening merits briefs), and such other evidence the parties may submit by declaration as relevant to standing, Article III injury, and Plaintiffs' entitlement to a permanent injunction, or other matters beyond the legal merits of Plaintiffs' claims.

4.  The parties jointly request the Court set the trial in this matter, as described above, for June 4, 2026, or as soon thereto as convenient to the Court.

5.  In advance of such trial date by 120 days, or February 4, 2026, Plaintiffs shall file an opening merits brief of no more than 50 pages. Defendants shall file a merits opposition brief of no more than 50 pages 60 days before the trial date, or April 6, 2026. Plaintiffs shall file a merits reply brief of no more than 25 pages 30 days before the trial date, or May 5, 2026. Defendants shall file a merits reply brief of no more than 25 pages 15 days before the trial, or May 20, 2026.

## V.  SETTLEMENT PROPOSAL

Plaintiffs have complied with the applicable local requirements to make a settlement offer before the Rule 16(b) Conference.

## VI. CERTIFICATIONS

Pursuant to L.R. 16.1(d)(3), the parties have conferred with their respective client representatives regarding litigation costs and Alternative Dispute Resolution programs. The Parties jointly request that they be exempted from providing the certifications called for by the Local Rule given the nature of this suit and the number of parties.

Dated: November 24, 2025                   Respectfully Submitted,

CHAD MIZELLE
Acting Associate Attorney General

ABHISHEK KAMBLI
Deputy Associate Attorney General

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DIANE KELLEHER
Director
Civil Division, Federal Programs Branch

*/s/ Eitan R. Sirkovich*
EITAN R. SIRKOVICH
(D.C. Bar No. 90030102)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 353-5525
E-mail: eitan.r.sirkovich@usdoj.gov

*Counsel for Defendants*

| | |
|---|---|
| LETITIA JAMES<br>Attorney General<br>State of New York<br><br>By: */s/ Monica Hanna*<br>Monica Hanna*<br>Rabia Muqaddam*<br>*Special Counsels*<br>Sandra Pullman*<br>*Senior Counsel*<br>Sandra Park*<br>*Civil Rights Bureau Chief*<br>Alex Finkelstein*<br>Wil Handley*<br>Kathryn Meyer*<br>*Assistant Attorneys General*<br>28 Liberty Street<br>New York, New York 10005<br>(212) 416-8227<br>monica.hanna@ag.ny.gov | KWAME RAOUL<br>Attorney General<br>State of Illinois<br><br>By: */s/ Karyn L. Bass Ehler*<br>Karyn L. Bass Ehler*<br>Deputy Chief Assistant Attorney General<br>Darren Kinkead*<br>Public Interest Counsel<br>Elizabeth H. Jordan*<br>Assistant Attorney General<br>Office of the Illinois Attorney General<br>115 S. Lasalle Street<br>Chicago, IL 60603<br>312-814-3000<br>Karyn.bassehler@ilag.gov<br>Darren.kinkead@ilag.gov<br>Elizabeth.jordan@ilag.gov |
| ANDREA JOY CAMPBELL<br>Attorney General<br>Commonwealth of Massachusetts<br><br>By: */s/ Adelaide Pagano*<br>Adelaide Pagano (BBO #690518)<br>*Assistant Attorney General*<br>Yael Shavit (BBO #695333)<br>*Chief, Consumer Protection Division*<br>One Ashburton Pl.<br>Boston, MA 02108<br>(617) 963-2122<br>adelaide.pagano@mass.gov<br>yael.shavit@mass.gov | ROB BONTA<br>Attorney General<br>State of California<br><br>By: */s/ James Richardson*<br>James Richardson*<br>*Deputy Attorney General*<br>Laura L. Faer*<br>William H. Downer*<br>*Supervising Deputy Attorneys General*<br>Andrew Edelstein*<br>Annabelle Wilmott*<br>*Deputy Attorneys General*<br>Michael L. Newman*<br>*Senior Assistant Attorney General*<br>300 South Spring Street<br>Los Angeles, CA 90013<br>(213) 269-6698<br>Laura.Faer@doj.ca.gov<br>William.Downer@doj.ca.gov<br>James.Richardson@doj.ca.gov<br>Andrew.Edelstein@doj.ca.gov<br>Annabelle.Wilmott@doj.ca.gov<br>Michael.Newman@doj.ca.gov |

6

KEITH ELLISON
Attorney General for the State of Minnesota

By: */s/ Liz Kramer*
Liz Kramer*
Solicitor General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota, 55101
(651) 757-1010
Liz.Kramer@ag.state.mn.us

WILLIAM TONG
Attorney General of Connecticut

By: */s/ Darren Cunningham*
Darren Cunningham*
Assistant Attorney General
165 Capitol Ave
Hartford, CT 06106
(860) 808-5210
Darren.cunningham@ct.gov

ANNE E. LOPEZ
Attorney General for the State of Hawaiʻi

By: */s/ Kalikoʻonālani D. Fernandes*
David D. Day*
Special Assistant to the Attorney General
Kalikoʻonālani D. Fernandes*
Solicitor General 425 Queen Street
Honolulu, HI 96813
(808) 586-1360
david.d.day@hawaii.gov
kaliko.d.fernandes@hawaii.gov

DANA NESSEL
Attorney General of Michigan

By: */s/ Neil Giovanatti*
Neil Giovanatti*
BreAnna Listermann*
*Assistant Attorneys General*

PHILIP J. WEISER
Attorney General of Colorado

By: */s/ David Moskowitz*
David Moskowitz*
Deputy Solicitor General
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
David.Moskowitz@coag.gov

KATHLEEN JENNINGS
Attorney General of the State of Delaware

By: */s/ Ian R. Liston*
IAN R. LISTON*
Director of Impact Litigation
VANESSA L. KASSAB*
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
Ian.Liston@delaware.gov

ANTHONY G. BROWN
Attorney General for the State of Maryland

By: */s/ James C. Luh*
James C. Luh*
Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6411
jluh@oag.state.md.us

MATTHEW J. PLATKIN
Attorney General of New Jersey

*/s/ Farng-Yi D. Foo*
Farng-Yi D. Foo*
Jennifer Lerman*
*Deputy Attorneys General*

7

| | |
|---|---|
| Michigan Department of Attorney General<br>525 W. Ottawa<br>Lansing, MI 48909<br>(517) 335-7603<br>GiovanattiN@michigan.gov<br>ListermannB@michigan.gov | Office of the Attorney General<br>124 Halsey Street, 5th Floor<br>Newark, NJ 07101<br>(609) 696-5279<br>Farng-Yi.Foo@law.njoag.gov |
| DAN RAYFIELD<br>Attorney General of Oregon<br><br>By: /s *Christina L. Beatty-Walters*<br>Christina L. Beatty-Walters*<br>Senior Assistant Attorney General<br>100 SW Market Street<br>Portland, OR 97201<br>(971) 673-1880<br>Tina.BeattyWalters@doj.oregon.gov | PETER F. NERONHA<br>Attorney General for the State of Rhode Island<br><br>By: */s/ Jordan G. Mickman*<br>Jordan G. Mickman (RI Bar No. 9761)*<br>Chief, Civil and Community Rights Unit<br>Special Assistant Attorney General<br>150 South Main Street<br>Providence, RI 02903<br>(401) 274-4400, Ext. 2079<br>jmickman@riag.ri.gov |
| CHARITY R. CLARK<br>Attorney General of Vermont<br><br>By: /s/ Jonathan T. Rose<br>Jonathan T. Rose*<br>Solicitor General<br>109 State Street<br>Montpelier, VT 05609<br>(802) 828-3171<br>Jonathan.rose@vermont.gov | NICHOLAS W. BROWN<br>Attorney General of Washington<br><br>*/s/ Lucy Wolf*<br>LUCY WOLF, WSBA #59028*<br>SPENCER W. COATES, WSBA #49683*<br>Assistant Attorneys General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104-3188<br>(360) 709-6470<br>Lucy.Wolf@atg.wa.gov<br>Spencer.Coates@atg.wa.gov |
| JOSHUA L. KAUL<br>Attorney General of Wisconsin<br><br>s/Rachel L. Bachhuber<br>RACHEL L. BACHHUBER*<br>Assistant Attorney General<br>WI State Bar #1052533<br>Wisconsin Department of Justice<br>Post Office Box 7857<br>Madison, Wisconsin 53707-7857<br>(608) 266-0188<br>bachhuberrl@doj.state.wi.us | |

*admitted pro hac vice

8

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


Dated: November 24, 2025                         */s/ Adelaide Pagano*_____
                                                 Adelaide Pagano (MA BBO# 690518)
                                                 Assistant Attorney General